**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JUAN BAUTISTA CEBALLOS,** | : | **CIVIL ACTION NO. 1:05-CV-0329** |
| **Petitioner** | : | **(Judge Conner)** |
| v. | : | |
| **CRAIG APKER, Warden** | : | |
| **Respondent** | : | |

## MEMORANDUM

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed by petitioner Juan Bautista Ceballos ("Ceballos"), challenging his federal sentence. (Doc. 1.) Because the collateral remedy of 28 U.S.C. § 2255 is adequate and effective to address these claims, the petition will be dismissed for lack of jurisdiction.

I. **Statement of Facts**

Following a plea of guilty to one count of conspiracy to launder money in violation of 18 U.S.C. § 1956(h), Ceballos was sentenced in April 2003, in the United States District Court for the District of Maryland, to a term of imprisonment of seventy-eight months and two years of supervised release. Ceballos asserts that he pursued a timely direct appeal via letters to the district court judge, but that his appeal has not yet been decided. Contrary to Ceballos' understanding of the status of his direct appeal, this court's electronic search of the records of the Fourth Circuit Court of Appeals revealed that he does not have an appeal pending in that Circuit.

Ceballos also indicates that he has written letters to the district court judge which amount to a post-conviction motion pursuant to 28 U.S.C. § 2255. In response, the district court judge has advised Ceballos, in correspondence, that he "lacks authority to modify a final judgment." Ceballos has also written numerous letters to the district court judge asking for a reduction in sentence, and although his requests for relief were denied in return letters, the judge has never entered any "appealable orders." An electronic search of the District of Maryland has also revealed that there is nothing pending in that district.

On February 17, 2005, Ceballos filed in this court, within the district of his confinement, the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he relies on the cases of Blakely v. Washington, 542 U.S. 296 (2004), United States v. Booker, 125 S. Ct. 738 (2005), and United States v. Fanfan, 125 S. Ct. 738 (2005), in challenging the propriety of enhancements to his sentence. (Doc. 1.)

**II.   Discussion**

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997)). Claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; see also Dorsainvil, 119 F.3d at 251-52. Importantly, a motion under § 2255 is

2

not "inadequate or ineffective" merely because the sentencing court has previously denied relief. See id. at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition pursuant to § 2241. United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251.

In the matter *sub judice*, Ceballos represents that he has attempted to challenge his sentence via a collateral attack pursuant to 28 U.S.C. § 2255. Despite Ceballos' contentions to the contrary, there is no record that he properly filed a § 2255 motion. He must file a § 2255 motion prior to proceeding any further in federal court.

If Ceballos has been denied 28 U.S.C. § 2255 relief in the sentencing court, as he represents, and he is dissatisfied with this result, he must appeal to the Court of Appeals for the Fourth Circuit. 28 U.S.C. § 2255. As noted above, he may not raise his present claims in a § 2241 petition without establishing that the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; see also Dorsainvil, 119 F.3d at 251-52. Clearly he is unable to establish inadequacy or ineffectiveness as he has not yet completed the collateral remedy process. The petition will therefore be dismissed for lack of jurisdiction.[1]

---

[1] If Ceballos were entitled to relief from an otherwise final conviction, because he indicates that he has filed a prior § 2255 motion, the appropriate procedural course would be to file a motion for authorization to file a second or successive § 2255 motion pursuant to 28 U.S.C. § 2244 in the Fourth Circuit, not to pursue relief in a § 2241 petition.

It is also noted that if a direct appeal were pending, it would be appropriate to dismiss the petition without prejudice to afford Ceballos the opportunity to present his claims in his direct appeal.  However, because the court's electronic search revealed that there is no direct appeal pending, this avenue is not available.

An appropriate order will issue.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:       October 3, 2005

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JUAN BAUTISTA CEBALLOS,** | : | **CIVIL ACTION NO. 1:05-CV-0329** |
| **Petitioner** | : | **(Judge Conner)** |
| v. | : | |
| **CRAIG APKER, Warden** | : | |
| **Respondent** | : | |

## **ORDER**

AND NOW, this 3rd day of October, 2005, upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is DISMISSED for lack of jurisdiction.

2. The Clerk of Court is directed to CLOSE this case.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge